# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 3, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HOWARD POSTLETHWAIT,**
**Claimant Below, Petitioner**

vs.) **No. 18-0796** (BOR Appeal No. 2052720)
(Claim No. 2014036789)

**SWANSON INDUSTRIES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Howard Postlethwait, by Counsel Robert L. Stultz, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Employer, by Counsel Noah A. Barnes, filed a timely response.

The issue in this case is the denial of a request for authorization for medical benefits. The claims administrator denied Mr. Postlethwait's request for the authorization for lumbar injections on July 18, 2017. The Workers' Compensation Board of Review ("Board of Review") affirmed the claims administrator's Order on February 23, 2018. This appeal arises from the Board of Review's Order dated August 17, 2018, which affirmed the decision of the Workers' Compensation Office of Judges ("Office of Judges").

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Postlethwait alleged that he sustained an injury on June 16, 2014, to his back, knee, and ribs when he slipped and fell in a puddle of oil. He completed an Employees' and Physicians' Report of Injury form on July 15, 2014. The physician's section of the form was completed by Perry Hall, D.O. The claims administrator held the claim compensable for sprain/strain to the back, thoracic spine, left knee, right rib, and neck on August 14, 2014.

1

Mr. Postlethwait continued treatment with Dr. Hall following his compensable injury. In fact, he has a detailed history of treating with Dr. Hall for back and shoulder pain. Progress notes before the compensable injury dated January 20, 2010, to December 30, 2014, detail treatment with Dr. Hall to address Mr. Postlethwait's complaints of low back and shoulder pain. It must be noted that Mr. Postlethwait has a history of longstanding treatment for lumbar spine pain dating back to 1993. In fact, Mr. Postlethwait treated with Dr. Hall from January 20, 2010, to June 30, 2014, to address chronic back and shoulder pain. X-rays of the thoracic spine on January 5, 2017, showed an impression of mild multilevel degenerative changes in the thoracic spine, with no acute injury seen. X-rays of the cervical spine showed degenerative changes, and x-rays of the right shoulder showed no evidence of fracture, dislocation, or destructive bone lesion.

Mr. Postlethwait underwent an MRI of the lumbar spine on February 17, 2017. The results were interpreted as showing moderate multilevel spondyloarthropathy with spinal canal and foraminal stenosis, as well as nerve root impingement. The ordering diagnosis was identified as spondylosis. Following the MRI, Dr. Hall filed a Request for Authorization of Medication/Treatment for lower lumbar injections after an office visit on June 21, 2017. Dr. Hall did not indicate a reason for the injection, other than making the treatment request as it relates to the lumbar injury in the current claim. Following the request for the authorization of lumbar injections, the claims administrator denied Dr. Hall's request on July 18, 2017. Mr. Postlethwait protested the claims administrator's decision.

The Office of Judges affirmed the claims administrator's decision of July 18, 2017, to deny the request for lumbar injections. The Office of Judges reasoned that Mr. Postlethwait failed to show that the requested treatment is medically necessary and reasonably required for the accepted compensable condition of lumbar sprain/strain. The only evidence submitted to support Dr. Hall's request were treatment notes from March 27, 2017, through July 17, 2017, indicating that Mr. Postlethwait was treated for chronic back pain. The Office of Judges noted that West Virginia Codes of State Rules § 85-20-37 (2006) estimates the duration of care for lumbar sprain/strain to be up to four weeks with a limit of eight weeks, without additional detailed evaluations. The Office of Judges noted that Dr. Hall has been treating Mr. Postlethwait for nearly four years for his lumbar sprain/strain injury. Based upon the preponderance of the evidence, the Office of Judges concluded that Mr. Postlethwait failed to show that the request for lumbar injections is medically necessary and reasonably required for treatment of his compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision in an Order dated August 17, 2018.

On appeal, Mr. Postlethwait argues that the Board of Review erred in affirming the denial of the lumbar injections based upon the lumbar MRI, along with the treatment notes of Dr. Hall. The Employer argues that the request for injections is not related to the compensable injury because diagnostic testing indicates that Mr. Postlethwait is experiencing degenerative changes in his lumbar spine. Given the evidence of record, the decision of the Board of Review should be affirmed. Mr. Postlethwait fails to show that his current condition, and the need for continued medical treatment, is medically related to his lumbar sprain/strain injury. The evidence supports the Board of Review's decision to affirm the decision of the Office of Judges. It was reasonable

for the claims administrator to conclude that Mr. Postlethwait failed to establish that the requested treatment is related to and necessary to treat the compensable injury in this claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 3, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison